AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

### V.

**ORDER OF DETENTION PENDING TRIAL**

Jerome Currethers

Case Number:  09-30255

*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -  that is
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in
_____ .*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☑ clear and convincing evidence   ☐ a preponderance of the evidence  that

Defendant is a single forty three year old male who has been unemployed for the past seven years who is charged with conspiracy to possess with intent to distribute 40 kilos of cocaine.

CONTINUE ON PAGE 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

June 12, 2009

*Date*

s/ Mona K. Majzoub

*Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE

*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V JEROME CURRETHERS        09-30255                    PAGE 2

Defendant's criminal history includes a 1994 conviction for Felony Weapons Concealed, and a 2005 conviction for Felony Controlled Substances. Defendant has been an absconder from justice since 2005 on this latter case, in which he used his alias name, June Hill. He continues to have an active warrant out of Wayne County Circuit Court (Judge Morrow) for violating his probation. Defendant was found guilty of Attempted Felony Malicious Destruction of Personal Property on 3/18/03 and was sentenced to 18 months probation. Defendant violated his probation and on 6/29/04 Defendant pled guilty to probation violation and his probation was continued.

Defendant has used an alias over the years and possesses two identification cards in two different names, Jerome Currethers and June Hill.

Defendant poses a risk of flight based upon his past behaviors. Defendant is a proven absconder and is currently a fugitive from justice since 2005 on a previous Wayne County Circuit Court drug charge in which he used his alias, June Hill. He has violated his probation and pled guilty to same resulting in an extension of his probation in 2004. In the instant matter he denied involvement when questioned by law enforcement on two occasions, when in fact he is on record and was observed by agents to be engaged in the very activities that he denied. He has shown an inability to respect the orders of the court and an unwillingness to comply with such orders, as evidenced by his absconder status and his plea of guilty to violation of his probation.

Defendant is a danger to the community, based upon his past convictions which involve weapons, drugs and violence, and the instant charges. This case involves allegations of conspiracy to distribute very large amounts of cocaine, specifically 40 kilos of cocaine which were seized in the presence of Defendant. There is ample evidence provided by several witnesses implicating this defendant's role in a major drug distribution organization.

Defendant poses both a risk of flight and a danger to the community based upon the above information provided to the court regarding his current absconder status and his probation violations. He also poses a danger to the community, based upon the instant charges and his past convictions which have over time escalated from carrying concealed weapons, to possession of controlled substances, to conspiracy to deliver 40 kilos of cocaine. There is no condition of bond or any combination of conditions that would assure this defendant's appearance in court or the safety of the community. For these reasons, Detention is Ordered.